UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

WILLIAM LOUIS ARMSTRONG,

Plaintiff,

v. Case No. 26-cv-1784

GRUBER LAW OFFICES, LLC,
MATTHEW B. GARMAN,
DAVID GRUBER,
STEVEN D. GRUBER,
JOHN OR JANE DOE
as personal representative of the
ESTATE OF NANCY GRUBER, and
JOHN AND JANE DOES 1-200.

Defendants.

---

# NOTICE OF REMOVAL

---

Defendants Gruber Law Offices, LLC, Matthew B. Garman, David Gruber, Steven D. Gruber, the personal representative of the Estate of Nancy Gruber, and John and Jane Does 1-200 as members of the proposed Defendant Class (collectively, "Defendants"), by and through undersigned counsel, hereby remove this civil action from the Circuit Court of Milwaukee County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division. By removing this action, Defendants do not waive, and expressly reserve, any and all defenses available to them. In support of removal, Defendants state as follows:

## I. Background

1. On August 19, 2026, Plaintiff William Louis Armstrong ("Plaintiff"), proceeding pro se, filed an action in the Circuit Court of Milwaukee County, Wisconsin, Case No.

2026-CV-7646. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint, together with all process, pleadings, and orders served upon Defendants in the state-court action, are attached hereto as **Exhibit A.**

2. Plaintiff's Complaint asserts thirteen causes of action arising principally from Defendants' alleged conduct in connection with the parties' brief attorney-client relationship, the engagement agreement between them, and the subsequent termination of that representation. Plaintiff seeks $20 billion in damages.

3. Among the claims in the Complaint, Plaintiff asserts federal causes of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq., and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 et seq.

4. Specifically, Count X of the Complaint asserts a claim for violation of 18 U.S.C. § 1962(c), and Count XI asserts a claim for RICO conspiracy under 18 U.S.C. § 1962(d). (Compl., ¶¶ 116–124.) Plaintiff further asserts a federal claim under the ECOA, alleging, among other things, violations of 15 U.S.C. § 1691 and seeking damages and other relief under 15 U.S.C. § 1691e. (Compl., ¶¶ 136, 137.)

5. The Complaint also asserts related claims arising under Wisconsin law, including claims for legal malpractice/negligence, breach of contract, breach of fiduciary duty, misrepresentation, intentional interference with business relationships, civil conspiracy, violations of the Wisconsin Organized Crime Control Act, and other related relief.

## II. Removal Is Proper Because This Court Has Federal Question Jurisdiction Under 28 U.S.C. § 1331 and Supplemental Jurisdiction Under 28 U.S.C. § 1367.

6. This action is removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

7. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. Plaintiff's Complaint expressly asserts claims arising under federal law. Count X alleges a violation of 18 U.S.C. § 1962(c) and Count XI alleges a RICO conspiracy in violation of 18 U.S.C. § 1962(d). Plaintiff seeks relief on those claims pursuant to 18 U.S.C. § 1964(c). (Compl., ¶¶ 116–124.)

9. Plaintiff also asserts a claim under the ECOA, alleging violations of 15 U.S.C. § 1691 and related federal regulations and seeking actual damages, statutory punitive damages, costs, and attorney fees pursuant to 15 U.S.C. § 1691e. (Compl., ¶¶ 136, 137.)

10. Because Plaintiff asserts causes of action created by federal law, this Court has original federal question jurisdiction over those claims under 28 U.S.C. § 1331, and thus, this action is removable under 28 U.S.C. § 1441(a).

11. This Court also has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367(a). Those claims form part of the same case or controversy as Plaintiff's federal claims because they arise from the same alleged attorney-client relationship; engagement and contracting process; alleged representations and communications; termination of the representation; and alleged course of conduct that Plaintiff relies upon in support of his federal claims.

12. Accordingly, this Court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's related state-law claims under 28 U.S.C. § 1367(a).

## III. Removal to This Court Is Timely and Proper.

13. Defendants were served with the Summons and Complaint in the state court action on September 1, 2026.

14. This Notice of Removal is timely because it is filed within 30 days after service of the Summons and Complaint. See 28 U.S.C. § 1446(b)(1).

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Wisconsin embraces Milwaukee County, Wisconsin, where Plaintiff filed the state court action.

16. All Defendants who have been properly joined and served consent to the removal of this action to the United States District Court for the Eastern District of Wisconsin. See 28 U.S.C. § 1446(b)(2)(A).

17. Defendants will promptly serve Plaintiff with written notice of the filing of this Notice of Removal and will file a true and accurate copy of this Notice of Removal with the Clerk of the Circuit Court of Milwaukee County, Wisconsin, as required by 28 U.S.C. § 1446(d).

## CONCLUSION

For the foregoing reasons, this Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367(a). Removal is therefore proper pursuant to 28 U.S.C. §§ 1441 and 1446. Accordingly, Defendants respectfully remove this action from the Circuit Court of Milwaukee County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division.

KRAVIT, HOVEL & KRAWCZYK S.C.

s/ *Christopher J. Krawczyk*
Christopher J. Krawczyk

State Bar No. 1033982
Hazel Siyuan Fu
State Bar No. 1132585
*Attorneys for Defendants*

Kravit, Hovel & Krawczyk s.c.
825 North Jefferson Street, Suite 500
Milwaukee, Wisconsin 53202
(414) 271-7100 (phone)
(414) 271-8135 (facsimile)
cjk@kravitlaw.com
hazelf@kravitlaw.com

Dated: September 29, 2026

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been filed with the Court by electronic means on September 29, 2026. Notice of this filing will be sent to all parties of record by operation of the Court's ECF system. In addition, on September 29, 2026, I have sent a copy of the foregoing via regular U.S. Mail, postage prepaid, and electronic mail, to the Plaintiff, William Louis Armstrong, at 2580 S. 34th Street, Milwaukee WI 53215.

KRAVIT, HOVEL & KRAWCZYK S.C.

s/ *Christopher J. Krawczyk*
Christopher J. Krawczyk
State Bar No. 1033982
Hazel Siyuan Fu
State Bar No. 1132585
*Attorneys for Defendants*

Kravit, Hovel & Krawczyk s.c.
825 North Jefferson Street, Suite 500
Milwaukee, Wisconsin 53202
(414) 271-7100 (phone)
(414) 271-8135 (facsimile)
cjk@kravitlaw.com
hazelf@kravitlaw.com